UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


JAMES BRANIGAN,

      Plaintiff,

-VS-                                CASE NO.:

GREENSKY, LLC,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act).

2.    GREENSKY, LLC (hereinafter "Defendant") has been reporting false information regarding the Plaintiff's creditworthiness to Credit Reporting Agencies in violation of the Fair Credit Reporting Act.

### JURISDICTION

3.    The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. § 1367.

4.      The Plaintiff is a natural person and resident of Fairfield County, Connecticut. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5.      Upon information and belief, the Defendant is a corporation incorporated under the State of Georgia, with its principal place of business located at 5565 Glenridge Connector, Suite 700, Atlanta, Georgia 30342. Accordingly, venue is appropriate with this Court under 28 U.S.C. § 1391(b)(1) as it is the judicial district in the State where the Defendant resides.

## FACTUAL ALLEGATIONS

6.      Plaintiff has an account with Defendant for a "Mac Tools" brand credit card.

7.      Since the account was opened in March of 2014, Plaintiff has *always* made timely payments to Defendant regarding his Mac Tools credit card account.

8.      In January of 2019, Plaintiff again made a timely payment to Defendant.

9.      For reasons unknown to Plaintiff, Defendant did not process Plaintiff's payment and began reporting Plaintiff as "30 days past due" regarding his credit card account.

10.      Plaintiff contacted Defendant to dispute this error; however, Defendant has refused to correct its mistake.

11.      Defendant has been furnishing this false information regarding Plaintiff's account to several credit reporting agencies.

12.     Frustrated with the lack of response from Defendant, Plaintiff contacted each of the three largest credit reporting agencies ("CRAs"), TransUnion, LLC ("TransUnion"); Experian Information Solutions, Inc. ("Experian"); and Equifax, Inc. ("Equifax") to dispute the status of his account with Defendant.

13.     As is their duty under the FCRA, the CRAs forwarded Plaintiff's disputes of the account status to Defendant.

14.     Defendant verified the account status to each of the three CRAs.

15.     Despite the verification, upon investigation Equifax removed the inaccurate information from Plaintiff's credit report.

16.     However, Experian and TransUnion are still reporting the inaccurate information furnished by Defendant on Plaintiff's credit reports. Specifically, Experian and TransUnion are reporting that in January of 2019 Plaintiff's account status with Defendant was "30 days past due."

17.     This information is incorrect. Plaintiff has always made timely payments to Defendant and was never 30 days past due on his account.

18.     Discovery will confirm that Defendant has received communications from Equifax, Experian, and TransUnion requesting that it conduct investigation or reinvestigation of the accuracy of the information it was reporting regarding the account.

19.     Upon information and belief, each of the aforementioned CRAs are "consumer reporting agencies" as defined in 15 USC § 1681(f).  Upon information and belief, each of the aforementioned CRAs are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC § 1681(d) to third parties.

20.     Plaintiff has disputed the inaccuracies being furnished by Defendant to each of the aforementioned CRAs.

21.     To date, TransUnion and Experian have failed to report the proper information on Plaintiff's credit report(s) despite having been given ample notice of the error.

22.     To date, Defendant has failed to advise the aforementioned CRAs of the error regarding Plaintiff's account status.

23.     As a result of Defendant's actions, Plaintiff has suffered from embarrassment related to his diminished credit score.

24.     As a result of Defendant's actions, Plaintiff has been denied seven (7) loans. This has caused Plaintiff to suffer financially as well as emotionally.

25.     These denials of credit have caused Plaintiff severe harm, including a diminished credit score.

26.     Plaintiff has suffered through many sleepless nights as a result of his diminished credit score and the fear that he will not be able to obtain credit he needs due to Defendant's error.

27.     As a result of Defendant's actions, which resulted in Plaintiff's credit score severely dropping, Plaintiff has suffered from distress, worry, stress, frustration, fear, and anger.

28.     Furthermore, due to Defendant's actions, Plaintiff has wasted dozens of hours of his personal time dealing with this situation, including but not limited to disputing the inaccuracies, researching his options, and spending time researching and hiring legal counsel.

29.     Upon receiving notice from Plaintiff that the account status was incorrect, Defendant should have corrected any inaccuracies it had furnished to any credit reporting agency.   Unfortunately, Defendant has negligently and/or intentionally failed to do so.

## CAUSES OF ACTION

### COUNT I
### (Violations of the Fair Credit Reporting Act)

30.     The Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) as if fully set out herein.

31.    Defendant furnished inaccurate representations to Equifax, TransUnion and Experian, and through Equifax, TransUnion and Experian to all of Plaintiff's potential lenders on multiple occasions.

32.    Defendant's actions have caused Plaintiff to suffer financially and emotionally.

33.    Defendant violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Defendant's representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate representations to the consumer reporting agencies.

34.    Defendant violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, TransUnion and Experian after it had been notified that the information was inaccurate.

35.    Defendant violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, TransUnion and Experian that it knew was inaccurate.

36.    Defendant did not have any reasonable basis to believe that the Plaintiff was responsible for the debt reported in its representation. It also had substantial

evidence by which to have verified that the information it was furnishing was incorrect. Defendant knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Defendant would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff did not owe the debt in question.

37.    As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit; increased interest rate; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

38.    The defamation, conduct and actions of Defendant were willful, deliberate, intentional, and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against Defendant in an amount to be determined by the Court.

39.    Defendant's conduct, action, and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

40.     The Plaintiff is entitled to recover costs and attorney's fees from Defendant

in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or §

1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award

statutory, actual and punitive damages against Defendant to Plaintiff; award

Plaintiff his attorney's fees and the costs of this action pursuant to 15 U.S.C. §

1681n and/or § 1681o; and grant all such additional relief as the Court deems

appropriate.

Respectfully submitted,


*/s/Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
tgomez@forthepeople.com
fkerney@forthepeople.com
snazario@forthepeople.com
mmartinez@forthepeople.com
*Counsel for Plaintiff*